IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               CRIMINAL ACTION NO. 5:18-cr-00175

DAVE BERRIOS-HERNANDEZ,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pursuant to Standing Order entered on October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).

Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on November 30, 2023, this case was designated for Standard consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed response, the United States does not object to the reduction considered herein. Should the Court grant a reduction, the United States recommends a sentence of 13 months, in the center of the newly calculated Guideline range. The Defendant urges the Court to reduce his sentence to 10 months, the bottom of the newly calculated Guideline range. He notes that he has completed nearly three dozen educational and rehabilitative programs and has had only one disciplinary infraction since he was sentenced in this case.

On February 26, 2019, the Defendant was sentenced to 15 months of imprisonment for possession of a weapon in prison in violation of 18 U.S.C. § 1791(a)(2), consecutive to a 170-month sentence imposed by the United States District Court for the District of Puerto Rico on May 23, 2013. His total offense level was 11, and he had 3 criminal history points, plus 2 status points for committing the offense while serving a sentence, for a total of 5 criminal history points and a Criminal History Category of III. Following the retroactive amendment to the Guidelines, he

would not receive status points, and his 3 criminal history points would place in him Category II, with a Guideline range of 10 to 16 months.  He has had 15 disciplinary infractions while in BOP custody, between 2014 and 2022.  Only one, for disruptive conduct, occurred after his sentencing in this case.  He has completed numerous programs during his incarceration.

The Defendant is eligible for sentence reduction based on the reduction in his Guideline range.  The Court has carefully considered whether to grant a reduction in this case.  The Defendant's record while in prison suggests improvement over time, with more programs completed and fewer disciplinary infractions in recent years.  However, completing educational programs does not outweigh the facts of the offense.  The 15-month sentence imposed in this case was somewhat higher than the sentences this Court typically imposes in shank cases based on the specific facts involved in this offense.  The Defendant did not simply possess a shank.  He stabbed another inmate multiple times.  The inmate was treated for puncture wounds on his back, neck, and scalp.  Given the fact that this Defendant did not merely possess a shank but *used* it to assault someone, while serving a sentence for previous serious crimes, the Court finds that public safety considerations weigh against granting a reduction.  In addition, the facts support a more severe sentence than those imposed as to defendants who possessed contraband weapons in prison without using them.  Therefore, the Court finds that the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety, continue to support a sentence of 15 months, as originally imposed.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that any relief pursuant to Title 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on February 26, 2019, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: January 18, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA